# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

ORLANDO J. MORGAN, #261343,

        Petitioner,                  Case Number: 2:07-CV-14787

v.                                         HON. ANNA DIGGS TAYLOR

WILLIE O. SMITH,

        Respondent.
_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING A CERTIFICATE OF APPEALABILITY

Petitioner Orlando Morgan has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner, who is currently incarcerated with the Michigan Department of Corrections, challenges his convictions after trial for violation of Michigan statute M.C.L. § 750.227f (felon in possession of a firearm,) for which he was sentenced to five years of probation, and M.C.L. §750.227b(1) (possession of a firearm during the commission of a felony,) for which he was sentenced to five years of incarceration. For the reasons set forth below, the court must deny the petition.

### I.

Petitioner's convictions arise from the alleged armed robbery of Mr. Amir Al-Amin and his wife/girlfriend, Fatme Tanana ("Complainants"), in their home on June 11, 2005. Mr. Al-Amin testified at trial that Petitioner and a co-conspirator arrived at his home and fraudulently stated that they were there to install a navigation system in Petitioner's wife/girlfriend's vehicle. He further testified that after gaining entrance to the home, Petitioner and his co-conspirator

robbed Complainants at gun point and demanded $50,000 cash. He testified that Petitioner and his co-conspirator also stole a significant amount of jewelry, credit and debit cards, a shotgun and Complainants' van. He testified that he, his wife/girlfriend and their child were tied up in a closet, eventually got free and called the police to report the incident. Mr. Al-Amin identified Petitioner in a photo lineup and Petitioner was subsequently arrested and charged.

The defense's theory was that Petitioner and Mr. Al-Amin were acquaintances, the men had met on several occasions and that Mr. Al-Amin solicited Petitioner to feign a robbery of him and his girlfriend so that he could file a fraudulent insurance claim. Petitioner's position is that he was to receive payment for his involvement and that no weapon was used during the course of these events.

Petitioner did not testify in his own defense. Petitioner did, however, request to represent himself on the first day of trial. The trial judge, Honorable Vera Massey Jones, considered and denied the request for the reason that she didn't feel that it was too late in the proceedings and that Petitioner lacked the expertise to adequately represent himself.

## II. Procedural History

Following a bench trial in Wayne County Circuit Court, Petitioner was convicted of felony firearm and felon in possession of a firearm. On January 17, 2006, he was sentenced to a five years' probation on the felon in possession of a firearm charge, M.C.L. 750.224f and an five years incarceration on the possession of a firearm during the commission of a felony charge pursuant M.C.L. 750.224b(1). At the time of the offense Petitioner was on parole for an armed robbery conviction pursuant to M.C.L. §750.529 and Felony Firearm under M.C.L. 750.224b. At

2

the conclusion of the bench trial, the trial court opined that Al-Amin had been attempting an insurance scam and that although Petitioner was armed during the incident, because he and his co-conspirator had permission to enter Al-Amin's home and take the items, no armed robbery occurred. Thus, the larceny and armed robbery charges were dismissed at that time.

Petitioner filed an appeal of right in the Michigan Court of Appeals, and raised the following claims:

> I. Petitioner's conviction for felon in possession of firearm should be vacated where the prosecution failed to meet its burden of proof regarding the elements of the crime resulting in insufficient evidence supporting the charge.
>
> II. Defense counsel had been ineffective in cross examination, investigation, and presentation of an adequate defense.

The Michigan Court of Appeals affirmed Petitioner's conviction. *People v. Morgan*, No. 134518( Mich. Ct App. May 10, 2007.)

Petitioner sought leave to appeal to the Michigan Supreme Court. He made the same claims in his application for leave to appeal but added the additional issue: Defense appellant counsel was ineffective for failure to address issue of defendant's claim of self-representation in trial court. The Michigan Supreme Court denied leave to appeal. *People v. Morgan*, No. 268080 (Mich. September 10, 2007).

Now pending before this court is Petitioner's petition for writ of habeus corpus. Petitioner raises the following claims in his petition:

> I. Petitioner's conviction for felon in possession of a firearm should be vacated where the prosecution failed to meet its burden of proof regarding the elements of the crime resulting in insufficient evidence supporting the charge.
>
> II. Defense counsel was ineffective in cross examination, investigation, and presentation of an adequate defense.

III. Defense-Appellate counsel was ineffective in failing to address as an issue Petitioner's claim of self-representation.

**III.**

Section 2254(d) of Title 28 U.S.C., imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). Additionally, this court must presume the correctness of state court factual determinations. 28 U.S.C. § 2254(e)(1).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application occurs" when "a state-court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 410-11.

4

# IV.

## A.

As an initial matter, Respondent argues that Petitioner's claim has not been exhausted in state court. A petitioner must exhaust his state court remedies prior to seeking federal habeas relief by fairly presenting the substance of each federal constitutional claim in state court. 28 U.S.C. §§ 2254(b)(1)(A) & 2254(c). A petitioner "'fairly presents' his claim to the state courts by citing a provision of the Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns." *Levine v. Tornik*, 986 F.2d 1506, 1516 (6th Cir. 1993).

Petitioner has raised the following issues regarding ineffective assistance of counsel which were not exhausted in state court: (1) Failure to file myriad motions on Petitioner's behalf; (2) Failure to object at trial to instances of prosecutorial misconduct; (3) Failure to object at trial to Petitioner's statement being read into the record at trial; and (4) Failure to allow Petitioner to testify at trial. These issues were not appealed and therefore not exhausted in state court. Accordingly, this court will not reach the merits of these claims in this habeas petition.

## B. Ineffective Assistance of Appellate Counsel

Respondent argues that the petition should be dismissed because it is a mixed petition containing at least one unexhausted claim. Respondent contends that Petitioner failed to appeal the "new issue" that defense appellant counsel was ineffective for failure to address the issue of defendant's claim of self-representation in trial court.

Appellate counsel cannot be expected to assert his or her own ineffectiveness on appeal. Therefore, the Sixth Circuit has held that an ineffective assistance of appellate counsel claim

asserted at the first opportunity, on collateral review, is not defaulted. *See Whiting v. Burt*, 395 F.3d 602, 610 n.6 (6th Cir. 2005).

This court holds that Petitioner did raise this issue at the first opportunity; while on appeal to the Michigan Supreme Court. It was no fault of Petitioner that the Supreme Court denied leave to appeal. As such, this "unexhausted claim"will not present a bar to Petitioner's habeas petition.

The Supreme Court has held that a petitioner does not have a constitutional right to have appellate counsel raise every non-frivolous issue on appeal. *Jones v. Barnes*, 463 U.S. 745, 754 (1983). "[A]ppellate counsel who files a merits brief need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal." *Smith v. Robbins*, 528 U.S. 259, 288 (2000). Strategic and tactical choices regarding which issues to pursue on appeal are "properly left to the sound professional judgment of counsel." *United States v. Perry*, 908 F.2d 56, 59 (6th Cir. 1990). The prejudice standard in the context of an alleged failure to raise issues on appeal requires a showing that there is "a reasonable probability, but for counsel's unreasonable failure . . . he would have prevailed on his appeal." *Smith*, 528 U.S. at 285. "'[O]nly when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of [appellate] counsel be overcome.'" *Monzo v. Edwards*, 281 F.3d 568, 579 (6th Cir.2002)(quoting *Gray v. Greer*, 800 F.2d 644, 646 (7th Cir.1986)).

Appellate counsel raised appropriate issues on appeal. The law is clear that he need not raise "every nonfrivolous claim", but "may select from among them in order to maximize the likelihood of success on appeal." See *Smith v. Robbins, supra*. Here, there is no evidence to

show that Petitioner was prejudiced by appellate counsel's failure to raise the issue of self-representation on appeal at the Michigan Court of Appeals. The record is clear that the trial judge considered his petition to represent himself and made a well-reasoned decision to deny such request. The prejudice standard requires that in the context of an alleged failure to raise issues on appeal a showing must be made that there is "a reasonable probability, but for counsel's unreasonable failure . . . he would have prevailed on his appeal." *Smith*, 528 U.S. at 285. No such showing has been made. Accordingly, Petitioner has not shown a reasonable probability that, had this issue been presented on appeal, he would have prevailed. And, he was not prejudiced by counsel's failure to raise it.

### C. Failure to Meet Burden of Proof

Petitioner argues that insufficient evidence was presented at trial to sustain his convictions.

The critical inquiry on review of the sufficiency of the evidence to support a criminal conviction is "whether the record evidence could reasonably support a finding of guilty beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 318 (1979).

> [T]his inquiry does not require a court to "ask itself whether *it* believes that the evidence at trial established guilty beyond a reasonable doubt." Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

Id. at 318-19 (internal citation and footnote omitted). This "standard must be applied with explicit reference to the substantive elements of the criminal offense as defined by state law." Id. at 324 n.16.

Under Michigan law, to support a conviction of felon in possession of a firearm, the

prosecution must prove that (1) petitioner possessed a firearm; (2) the Petitioner was convicted of a felony; and (3) less than five years had elapsed since Petitioner had paid all fines, served all terms of imprisonment and completed all terms of probation or parole. See M.C.L. §750.224f.

The felony-firearm prohibition is set forth in M.C.L. § 750.227b(1), and applies to "[a] person who carries or has in his or her possession a firearm when he or she commits or attempts to commit a felony...."

Petitioner argues that the prosecution failed to meet its burden of proof regarding the element of *possession* of a firearm. He does not contest the other elements. Both complainants testified that Petitioner was in possession of a firearm at the time of the incident. While the trial court was clear that it did not appear to be an armed robbery and appeared to be a scam, she clearly considered the issue of the firearm and convicted accordingly. In fact, Judge Massey Jones stated that she did not believe an armed robbery occurred. That Petitioner entered the home with a firearm to make Al-Amin's girlfriend believe that this was a legitimate armed robbery. She further concluded that Petitioner was a felon at the time he entered the home with the firearm. She determined that Petitioner was a felon in possession of a firearm and found him guilty on that count. *Trial Court Transcript,* December 19, 2005, p. 130-131. At sentencing, Judge Massey Jones revisited the issue and determined that there would not been reason for Petitioner to be at the scene of the alleged crime (which Petitioner admits) if he didn't do anything for which he was accused. She indicates that Al-Amin could have just filed a false report if Petitioner was not going to feign an armed robbery. *Sentencing Transcript,* January 17, 2006 p. 18. Given the testimony, and the courts reasoning, the court finds that sufficient evidence was presented to sustain Petitioner's convictions.

## D. Alleged Ineffective Assistance of Counsel

Petitioner asserts that he is entitled to habeas relief because he received ineffective assistance of trial counsel. Petitioner alleges trial counsel was ineffective in the following ways: (i) failing to investigate and produce witnesses; (ii) adequately cross-examine and attack the credibility of complainants; and (iii) failing to present an adequate defense.

In <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), the Supreme Court established a two-pronged test for determining whether a habeas petitioner has received ineffective assistance of counsel. First, a petitioner must prove that counsel's performance was deficient, which "requires a showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." <u>Id.</u> at 687. The Supreme Court has "declined to articulate specific guidelines for appropriate attorney conduct and instead [has] emphasized that '[t]he proper measure of attorney performance remains simply reasonableness under prevailing professional norms.'" <u>Wiggins v. Smith</u>, 539 U.S. 510, 520 (2003) (quoting <u>Strickland</u>, 466 U.S. at 688; additional internal quotations omitted). However, when assessing counsel's performance, the reviewing court should afford counsel great deference. <u>Strickland</u>, 466 U.S. at 689 (observing that "[a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time" and that a convicted person who seeks to criticize his attorney's performance "must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy'").

Second, a petitioner must show that counsel's deficient performance prejudiced

petitioner. A petitioner may establish prejudice by "showing that counsel's errors were so serious as to deprive the defendant of a fair trial." Id.

### 1. Duty to Investigate and Produce Witnesses

Petitioner first claims that his attorney failed to investigate, adequately prepare for trial and produce a key witness, Juan Zainos who, according to Petitioner, would have provided exculpatory testimony.

Under *Strickland*, trial counsel has a duty to investigate his case. 466 U.S. 690-91. "This duty includes the obligation to investigate all witnesses who may have information concerning his or her client's guilt or innocence." Towns v. Smith, 395 F.3d 251, 258 (6th Cir.2005).

Petitioner contends that if Juan Zainos, a landscaper working in the area of Complainants' home, had been called to testify, he would have called into question his identification as the person who possessed the weapon. Petitioner argues that Zainos reported to police that two black males entered the home of Al-Amin - one 5'8" tall and the other 6'1" tall. Petitioner argues that he is only 5'8" tall. Petitioner argues that both Complainants testified that the taller man had the gun and this evidence would have challenged the testimony of the complainants. However, despite Petitioner's argument to the contrary, Ms. Tanana, at the preliminary examination, testified that Petitioner was the taller of the two perpetrators and had a gun. Petitioner was also positively identified in court and in a photo lineup. Therefore, Zainos' testimony would not have been particularly useful as support for Petitioner's defense.

### 2. Failure to adequately cross-examine and attack the credibility of witnesses

Petitioner argues that his attorney failed to address contradictory testimony proffered by

10

Al-Amin and his girlfriend. It should be noted again that this was a bench trial and not a jury trial. This court will not question the trial strategy of Petitioner's counsel on this point. Counsel clearly attacked the credibility of the witnesses such that Judge Massey Jones questioned their credibility and, to a degree, disbelieved Al-Amin on the record. Petitioner has not made allegations that rise to the level required by *Strickland* to call into question trial strategies utilized by counsel. *Strickland* "requires a showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." This standard has clearly not been met. As such, this court will defer to counsel's decision in deciding not to pursue an aggressive line of questioning with Ms. Tanana on this point.

### 3. Failure to Present an Adequate Defense

Despite Petitioner's arguments to the contrary, it is clear that counsel reviewed the documents and prepared for trial. Counsel's efforts resulted in the dismissal of the armed robbery and larceny charges. In fact, the court was convinced that counsel's proffered defense regarding an insurance scam led to the dismissal. Thus, there is no evidence that counsel's performance was deficient. In fact, counsel's performance clearly benefitted Petitioner. Accordingly, this argument for ineffective assistance of counsel must fail.

## V.

A district court, in its discretion, may decide whether to issue a certificate of appealability ("COA") at the time the court rules on a petition for a writ of habeas corpus or it may wait until a notice of appeal is filed to make such a determination. *Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002). In deciding to deny the habeas petition, the Court has carefully reviewed the case record and the relevant law, and concludes that it is presently best

able to decide whether to issue a COA. See *id.* at 901-02 ("[Because] 'a district judge who has just denied a habeas petition . . . will have an intimate knowledge of both the record and the relevant law,'" the district judge is, at that point, often best able to determine whether to issue the COA.) (*quoting*, *Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1072 (6th Cir. 1997)*, overruled on other grounds* by *Lindh v. Murphy*, 521 U.S. 320 (1997)).

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation omitted). In this case, the court concludes that reasonable jurists would not debate the court's conclusion that the petition does not present any claims upon which habeas relief may be granted. Therefore, the court will deny a certificate of appealability.

## VI.

Petitioner has not established that he is in the State of Michigan's custody in violation of the Constitution or laws of the United States.

Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus is **DENIED** and the matter is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.


DATED: June 2, 2010                          s/Anna Diggs Taylor
                                             ANNA DIGGS TAYLOR
                                             UNITED STATES DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing Order of Dismissal was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail disclosed on the Notice of Electronic Filing on June 2, 2010.

Orlando Morgan, #261343
Kinross Correctional Facility
16770 S. Watertower Drive
Kincheloe, MI 49788

s/Johnetta M. Curry-Williams
Case Manager